■ In the Matter of CIRO DELLAPORTE, Appellant, v NEW YORK CITY DEPARTMENT OF BUILDINGS et al., Respondents. [965 NYS2d 44]—

Judgment, Supreme Court, New York County (Cynthia S. Kern, J.), entered March 26, 2012, denying the petition to annul a determination of respondent, dated June 13, 2011, which denied petitioner's application to renew his stationary engineer license, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the judgment vacated, the petition granted, and the matter remanded to respondent for further proceedings consistent herewith.

The determination to deny petitioner's renewal application for a stationary engineer license lacked a rational basis. Respondent arbitrarily concluded that petitioner's federal conviction for theft of funds bore a direct relationship to the duties and responsibilities attendant to a stationary engineer, the license for which he sought renewal after having his license renewed 15 consecutive times (*see* Correction Law §§ 750 [3]; 752 [2]). Petitioner committed the "kickback" scheme underlying his prior conviction by utilizing the administrative powers in his former position, which granted him control over hiring, payroll, and selection of vendors. Such actions bear no direct relationship to the equipment maintenance duties and responsibilities inherent in the stationary engineer license, and thus do not satisfy the first exception to the general prohibition of discrimination against persons previously convicted of criminal offenses (*see* Correction Law § 752 [1]).

The record further shows that respondent failed to afford petitioner the mandatory presumption of rehabilitation attendant to his certificate of relief from disabilities (*see* Correction Law § 753 [2]), and appeared to have disregarded the additional evidence of rehabilitation submitted by petitioner. Respondent declared that petitioner's evidence of rehabilitation was insufficient, in clear contravention of the statutory presumption, but did not raise any independent evidence in rebuttal, which, under the circumstances, demonstrates that its determination was arbitrary and capricious (*see Matter of Bonacorsa v Van Lindt*, 71 NY2d 605, 612, 614 [1988]).

We further find that respondent could not have rationally found petitioner to pose an unreasonable risk to public safety or welfare so as to satisfy the second exception to the general prohibition (*see* Correction Law § 752 [2]). Petitioner disclosed his 2006 conviction, based on acts occurring in 2005 and earlier, on

his license renewal applications from 2007 through 2010, all of which were granted. It is also undisputed that he performed without incident at several jobs during this period, and each of his renewal applications included letters from his employers verifying his character and fitness for the jobs, and documentation from the City's Department of Citywide Administrative Services noting the conviction, indicating that he was qualified for the license. In contrast, respondent offered only "speculative inferences unsupported by the record" to raise an issue concerning any potential risk to the public (*Matter of Marra v City of White Plains*, 96 AD2d 17, 25 [2d Dept 1983] [internal quotation marks omitted]). Concur—Friedman, J.P., Acosta, Moskowitz, Manzanet-Daniels and Clark, JJ. **[Prior Case History: 2012 NY Slip Op 30750(U).]**